**Patrick OKEY, Appellant**

**v.**

**Cpt Daniel STREBIG; Warden Doll.**

**No. 15–2205.**

United States Court of Appeals,
Third Circuit.

Submitted for Possible Dismissal
Pursuant to 28 U.S.C. § 1915(e)(2)(B) or
Summary Action

Under Third Circuit LAR 27.4 and
I.O.P. 10.6 Oct. 22, 2015.

Opinion filed: Oct. 29, 2015.

Patrick Okey, Erie, PA, pro se.

Donald L. Reihart, Esq., York, PA, for
Cpt Daniel Strebig; Warden Doll.

Before: AMBRO, SHWARTZ and
GREENBERG, Circuit Judges.

OPINION *

PER CURIAM.

Pro se appellant Patrick Okey appeals
from the judgment of the United States
District Court for the Middle District of
Pennsylvania in his civil rights case. As
the appeal lacks any arguable basis in law
or fact, we will dismiss it as frivolous
under 28 U.S.C. § 1915(e)(2)(B)(i).

---

\* This disposition is not an opinion of the full
Court and pursuant to I.O.P. 5.7 does not

## I.

As a threshold matter, we note that we
have previously summarily affirmed the
District Court's dismissal of a virtually
identical action filed by Patrick Okey in
2013. *See Okey v. Strebig,* 531 Fed.Appx.
212 (3d Cir.), *cert. denied,* —— U.S. ——,
134 S.Ct. 446, 187 L.Ed.2d 299 (2013).
Okey, proceeding pro se and in forma pau-
peris, brought a complaint under 42 U.S.C.
§ 1983 alleging Eighth Amendment and
Fourteenth Amendment violations. The
U.S. Marshals were charged with effecting
service on Defendants Strebig and Doll on
July 9, 2014. When no response was
forthcoming, Okey filed a request for de-
fault on August 18, 2014. The defendants
filed a motion to dismiss on September 8,
2014, and filed a brief in support, arguing
that res judicata (hereafter referred to as
"claim preclusion") applied to bar Okey's
case. Okey then filed a motion for default
judgment, which the Court denied. The
Court subsequently granted the defen-
dants' motion to dismiss on the ground
that claim preclusion barred Okey from
bringing his claims a second time.

## II.

The District Court had jurisdiction pur-
suant to 28 U.S.C. § 1331, and we have
jurisdiction pursuant to 28 U.S.C. § 1291.
We exercise plenary review over a district
court's decision to dismiss an appeal based
on claim preclusion. *See Elkadrawy v.
Vanguard Grp., Inc.,* 584 F.3d 169, 172 (3d
Cir.2009). For a party to win on the basis
of claim preclusion, the party must estab-
lish that there has been "(1) a final judg-
ment on the merits in a prior suit;" (2)
involving the same parties or parties
standing in the same shoes; and (3) a
subsequent suit based on the same claim

constitute binding precedent.

or claims. *Elkadrawy,* 584 F.3d at 172–73 (citing *Lubrizol Corp. v. Exxon Corp.,* 929 F.2d 960, 963 (3d Cir.1991)).

The District Court correctly found that each of these elements is satisfied and that, as a result, Okey's second suit is barred by claim preclusion. In Okey's first suit, filed in 2013, the District Court issued a final judgment on the merits. First, the District Court dismissed most of Okey's claims for failure to state a claim, except for his Eighth Amendment claim against Defendant Strebig. The District Court granted Okey thirty days to amend this remaining claim, and he failed to do so. The District Court then dismissed the case with prejudice for failure to state a claim under § 1915(e)(2)(B)(ii). Okey brought both cases against Defendants Strebig and Doll,[1] alleging violations under 42 U.S.C. § 1983. In the first case, Okey argued that Defendant Strebig violated Okey's Eighth Amendment rights by failing to intervene in a prison fight and failing to protect Okey from injury. Okey also argued in the first case that Defendant Doll had violated Okey's Fourteenth Amendment due process rights by failing to hear Okey's grievances regarding his administrative segregation. He made these exact arguments in the second case. The District Court also correctly denied leave to amend because granting such leave would have been futile.

For the reasons stated above, we will dismiss the appeal as frivolous under § 1915(e)(2)(B)(i). In light of our disposition, Okey's motion for appointment of counsel is denied. *See Tabron v. Grace,* 6 F.3d 147, 155–56 (3d Cir.1993).

---

1. Initially, Okey included a "Corporal Laso" in his initial complaint, but quickly dropped this defendant from the suit.